IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03CV358-1-MU

| | |
|---|---|
| ROBERT E. SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| T.R. CARROLL, Supt., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed August 27, 2003.

On November 5, 1993, in the Superior Court of Mecklenburg County, Petitioner was convicted of first degree sexual offense and taking indecent liberties with a child. Petitioner was sentenced to life in prison for the first degree sexual offense conviction and a concurrent term of ten years imprisonment for his conviction for taking indecent liberties with a child. On August 1, 1995, the North Carolina Court of Appeals, in a published opinion, found no error in his case. State v. Spencer, 119 N.C. App. 662 (1995). On October 5, 1995, discretionary review was denied by the North Carolina Supreme Court.

On April 21, 1997, Petitioner filed a Motion for Appropriate Relief (MAR) with the Mecklenburg County Superior Court. After holding an evidentiary hearing, the Superior Court denied Petitioner's MAR on August 19, 1997. On January 16, 1998, Petitioner's Petition for Writ of Certiorari was denied without prejudice by the North Carolina Court of Appeals.

However, instead of refiling his petition for writ of certiorari, on August 13, 1998, Petitioner filed a second MAR which was denied on August 18, 1998. On October 20, 1998, the North Carolina Court of Appeals denied Petitioner's Petition for Writ of Certiorari. On December 5, 2000, Petitioner filed a third MAR which was denied on December 14, 2000. On or about August 27, 2002, Petitioner filed a fourth MAR which was denied on October 15, 2002. On November 22, 2002, the North Carolina Court of Appeals dismissed Petitioner's Petition for Writ of Certiorari without prejudice. Petitioner re-filed his Petition for Writ of Certiorari and it was denied by the North Carolina Court of Appeals on December 12, 2002. On December 30, 2002, Petitioner filed his fifth MAR which was denied on January 15, 2003.

On July 21, 2003, Petitioner filed the instant federal habeas petition. In his federal habeas petition, Petitioner asserts that: (1) he received ineffective assistance of counsel; (2) his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him; (3) his conviction was obtained by a violation of the privilege against self-incrimination; and (4) his conviction was obtained by not allowing him to present evidence in his defense.

Respondent responded to Petitioner's federal habeas petition by asserting that it was untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA went into effect on April 24, 1996, and amended § 2254 to include a one-year limitation on the filing of a motion. 28 U.S.C. § 2244(d)(1). Prisoner's whose convictions became final any time prior to the effective date of AEDPA had until April 24, 1997, to file their § 2254 motions. Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998).

Because Petitioner's state court conviction became final[1] before the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), he had until April 24, 1997, in which to file a timely federal habeas petition. Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). However, AEDPA also provides that its one-year limitation period is tolled for the period during which a properly filed state post-conviction action is pending. 28 U.S.C. § 2244(d)(2). On April 21, 1997, three days before his federal limitations period would have expired, Petitioner filed a Motion for Appropriate Relief in the Superior Court of Mecklenburg County. Petitioner's MAR was denied on August 19, 1997. Petitioner submitted a certiorari petition to the North Carolina Court of Appeals which was denied on January 16, 1998. Consequently, between April 21, 1997, and January 16, 1998, Petitioner's federal limitations period was tolled. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999)(entire time period of state post-conviction proceedings from initial filing to final state court disposition by the highest state court is tolled from the limitations period for federal habeas corpus review), cert. denied, 120 S. Ct. 1262 (2000).

However, on January 17, 1998, Petitioner's limitation period again began to run and it expired on or about January 19, 1998. Petitioner's second through fifth MARs did not serve to toll his limitation period because it had already expired. Moreover, even if these subsequent MARs had tolled his limitation period, his federal habeas petition would still be untimely because he waited approximately five months after the denial of his fifth MAR to file his federal habeas petition.

In his response to Respondent's Motion for Summary Judgment, Petitioner appears to

---

[1] On August 1, 1995, the North Carolina Supreme Court denied issued its opinion on Petitioner's appeal from judgment and on October 5, 1995, Petitioner's Petition for Discretionary Review to the Supreme Court of North Carolina was denied.

concede that his federal habeas petition is untimely but argues that his actual innocence claim excuses the untimeliness of his federal habeas petition. Neither the United States Court of Appeals for the Fourth Circuit nor the Supreme Court has ruled on whether actual innocence is grounds for equitable tolling under AEDPA. However, because Petitioner fails to establish that he is actually innocent, this Court need not decide that issue.

Establishing a claim of actual innocence requires a showing that there is new evidence, not present in the trial, that makes it more likely than not that no reasonable juror would have convicted the petitioner. Schlup v. Delo, 513 U.S. 298, 324, 327-28 (1995). That is, a petitioner must support his actual innocence claim with "new, reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Id at 324. To succeed on an actual innocence claim a petitioner must show factual innocence, not simply legal insufficiency of evidence to support a conviction. See Bousley v. United States, 523 U.S. 614, 623 (1998). The Supreme Court has cautioned that credible claims of actual innocence are "extremely rare." See Schlup, 513 U.S at 321.

A review of Petitioner's claims reveal that they are insufficient to establish that he is actually innocent. For example, Petitioner argues that the withholding of exculpatory material by the prosecution establishes his innocence. More specifically, Petitioner asserts that the child victim was seen by a psychologist and that these records were never turned over or introduced by the state and therefore they must contain exculpatory information. Such speculation simply is insufficient to support an actual innocence claim.

Petitioner also asserts that the files of the Department of Social Services contained unspecified, exculpatory evidence. Petitioner does not address the North Carolina Court of

Appeals' conclusion that the DSS evidence that was not turned over to the prosecution was not exculpatory. See State v. Spencer, 119 N.C. App. 662, 668 (1995)(concluding, after an in camera review, that the DSS records not turned over to defendant's counsel contained no exculpatory information to which defendant was entitled). Petitioner's broad, unsupported statement, particularly when contrasted withe th North Carolina Court of Appeals holding, is wholly insufficient to establish his actual innocence.

Petitioner also contends that a tape recording was withheld by the prosecution. More specifically, Petitioner asserts that his wife found a tape recording with a male voice (which he states she presumed was his voice) and the victim's voice. Petitioner told her to take the tape to the police which she did. Petitioner contends that he told his attorney about the tape and asked him to obtain a voice print. His attorney filed a motion to compel discovery of the tape. However, when his attorney visited him a week later he told Petitioner that the tape was blank. Again, the assertion of the possible existence at one time of this tape, which Petitioner now contends has been destroyed and which it is not clear would even be exculpatory, is not sufficient to establish actual innocence.

Finally, Petitioner contends that his counsel failed to call at least six witnesses whose testimony would have changed the jury's verdict. Testimony from three of these witnesses was heard at Petitioner's MAR hearing. Their testimony obviously did not persuade the MAR Court of Petitioner's innocence. Petitioner does not even identify these other witnesses. Nor does he provide details as to what they would testify about or provide affidavits.

Petitioner's assertion of actual innocence is based upon speculation and conjecture.

Petitioner has not produced any reliable new[2] evidence[3] which would make it more likely than not that no reasonable juror would have convicted the Petitioner. As such, because Petitioner has not made a threshold showing that he is actually innocent, his federal habeas petition, for the reasons stated previously, is untimely.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

---

[2] Most, if not all, of the evidence Petitioner asserts would establish his innocence existed at the time of trial.

[3] The Court notes that Petitioner repeatedly asserts that documentation in support of his allegations is in the possession of the Duke Innocence Project. Petitioner does not specify what specific documents the Duke Innocence Project possesses that would establish his actual innocence. That is, Petitioner does not refer to any specific evidence that would be reliably exculpatory that would be in the Project's possession.

**Signed: January 5, 2006**

Graham C. Mullen
Chief United States District Judge